

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| RICHARD SIMPSON, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 4:18-02638-MGL |
| | § | |
| ANDREW SAUL, *Commissioner of* | § | |
| *the Social Security Administration*, | § | |
| Defendant. | § | |
| | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION AND
AFFIRMING THE DECISION OF DEFENDANT**

This is a Social Security appeal in which Plaintiff Richard Simpson (Simpson) seeks judicial review of the final decision of Defendant Andrew Saul (Saul) denying his claims for Disability Insurance Benefits (DIB). The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting the Court affirm Saul's decision. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The Court need not conduct a de

novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

The Magistrate Judge filed the Report on January 29, 2020. Simpson filed his Objection to the Report (Objection) on February 12, 2020. The Court has reviewed the Objection, but holds it to be without merit. The Court will therefore enter judgment accordingly.

On April 7, 2014, Simpson filed his applications for DIB. He originally contended his disability commenced on January 4, 2013. He later amended his alleged onset date to be October 3, 2016. Saul denied Simpson's applications initially and upon reconsideration. Simpson then requested a hearing before an Administrative Law Judge (ALJ), which the ALJ conducted on August 18, 2016, and July 11, 2017.

On August 16, 2017, the ALJ issued a decision holding Simpson was not disabled. The Appeals Council denied Simpson's request for review of the ALJ's decision, despite Simpson submitting additional evidence. Simpson then filed this action for judicial review with the Court on September 27, 2018.

The Agency has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). The five steps are: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a medically determinable severe impairment(s); (3) whether such impairment(s) meets or equals an impairment set forth in the Listings; (4) whether the impairment(s) prevents the claimant from returning to his past relevant work; and, if so, (5) whether the claimant is able to perform other work as it exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(I)-(v), 416.920(a)(4)(I)-(v).

Under 28 U.S.C. § 636(b)(1), a district court is required to conduct a de novo review of those portions of the Magistrate Judge's Report to which a specific objection has been made. The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

It is the plaintiff's duty both to produce evidence and prove he is disabled under the Act. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). Nevertheless, the ALJ is to develop the record and when he "fails in his duty to fully inquire into the issues necessary for adequate development of the record, and such failure is prejudicial to the claimant, the case should be remanded." *Marsh v. Harris*, 632 F.2d 296, 300 (4th Cir. 1980).

It is also the task of the ALJ, not this Court, to make findings of fact and resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "It is not within the province of this [C]ourt to determine the weight of the evidence; nor is it [the Court's] function to substitute [its] judgment for that of [the defendant] if [the] decision is supported by substantial evidence." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). In other words, the Court "must sustain the ALJ's decision, even if [it] disagree[s] with it, provided the determination is supported by substantial evidence." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). Under the substantial evidence standard, the Court must view the entire record as a whole. *See Steurer v. Bowen*, 815 F.2d 1249, 1250 (8th Cir. 1987).

"[T]he substantial evidence standard presupposes a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite

decision." *Clarke v. Bowen*, 843 F.2d 271, 272-73 (8th Cir. 1988) (citations omitted) (internal quotation marks omitted) (alteration omitted). Put differently, if the ALJ's "dispositive factual findings are supported by substantial evidence, they must be affirmed, even in cases where contrary findings of an ALJ might also be so supported." *Kellough v. Heckler*, 785 F.2d 1147, 1149 (4th Cir. 1986).

Simpson raises a single objection to the Report, claiming the Magistrate Judge improperly concluded there was not a reasonable probability the additional evidence provided to the Appeals Council would have changed the outcome. Simpson argues his continued medical treatment after his surgery on September 27, 2017, precluded him from returning to work and extended his impairment period past the required one-year. *See* 20 C.F.R. § 404.1520(a)(4)(iii) (stating an applicant will be deemed disabled if they meet or equal all criteria for a qualifying impairment for at least twelve months).

The Appeals Council can entertain additional evidence when it "is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 404.970(a)(5).

The Appeals Council notified Simpson his medical records from September 27, 2017, through October 6, 2017, failed to relate to the period before the ALJ's decision. This Court agrees. Because the records reflect medical evaluations after the issuance of the ALJ's decision, the Appeals Council may not entertain this additional evidence.

Simpson also submitted two additional pieces of evidence that predate the ALJ's decision: 1) a note from May 9, 2017, stating he had attended thirteen physical therapy visits, and 2) a note

4

in his medical record from a visit with Dr. O'Boyle on August 7, 2017, detailing the need for outpatient surgery, and recommending six weeks of therapy after the prospective operation.

Neither of these creates a reasonable probability the outcome of the ALJ's opinion would change. The physical therapy visits have no bearing on Simpson's ability to return to work within a one-year period. Thus, it is improbable the added information would have any effect on the ALJ's opinion.

And, concerning, Dr. O'Boyle's August 7, notes, they indicate, with surgery, Simpson would

> be in a Cyro-cuff for 2 days, nonweightbearing and then would be in the cam walker boot for the remainder of the first week, weightbearing as tolerated. He would then go into a regular shoe, resume P. T. He would get 6 weeks of therapy post-op. At that point, he would be at M[aximum ]M[edical ]I[mprovement]. In the meantime, we will keep him at sedentary work, for now.

AR 36. This previewed the planned surgery on Simpson's injured ankle and predicted a short recovery period. This, likewise, fails to establish a reasonable probability the additional evidence would have changed the ALJ's decision. Accordingly, the court will overrule Simpson's objection.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Simpson's objection, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court Saul's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

Signed this 16th day of March 2020 in Columbia, South Carolina.

                                            s/ Mary Geiger Lewis
                                            MARY GEIGER LEWIS
                                            UNITED STATES DISTRICT JUDGE